**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WASHINGTON REYES, | ) | NO. CV 12-3779-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on May 7, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 14, 2012.

///
///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

Plaintiff filed a motion for summary judgment on December 22, 2012. Defendant filed a cross-motion for summary judgment on March 4, 2013. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 8, 2012.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserted disability since March 1, 2006, based on alleged pain in his back and feet (Administrative Record ("A.R.") 27, 136-43, 150). An Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 37-82).

The ALJ found Plaintiff has a severe "lower back strain with degenerative changes" and "burning foot syndrome" (A.R. 29 (adopting diagnoses at A.R. 250-51, 262, 305, 307)). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform the full range of medium work (A.R. 30, 32 (adopting consultative examiner's opinion at A.R. 266)). The ALJ determined that, with this capacity, Plaintiff could still perform his past relevant work (A.R. 32-33 (adopting vocational expert testimony at A.R. 73-75)). The ALJ deemed not credible Plaintiff's testimony regarding the severity of his symptoms, to the extent any such testimony was inconsistent with the residual functional capacity the ALJ found to exist (A.R. 30-32). Accordingly, the ALJ found Plaintiff not disabled (A.R. 33). The Appeals Council denied review (A.R. 1-3).
///
///

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in finding Plaintiff's testimony not entirely credible.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007) (same). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[2] legal error. Plaintiff's contrary contention is unavailing.

**I.    Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Dr. Ibrahim Yashruti, an examining orthopedic surgeon, completed an Orthopedic Consultation of Plaintiff dated July 25, 2008 (A.R. 263-66). Plaintiff complained of low back and bilateral foot pain (A.R. 263). Dr. Yashruti observed that an x-ray report of Plaintiff's lumbar spine from August 2007 showed degenerative disease at the L5-S1 level (A.R. 263). Dr. Yashruti's physical examination found no abnormalities other than tenderness on palpation over the lumbosacral junction and right SI joint, and tenderness on palpation of the feet. Range of motion for Plaintiff's lumbar spine was "limited" at 40 degrees flexion and 15 degrees extension, but otherwise was full and painless. Range of motion for Plaintiff's feet was also full and painless. Plaintiff has flat feet. See A.R. 265-66. Dr. Yashruti characterized "[t]he rest of the examination" as "completely normal" (A.R. 266). Dr. Yashruti opined that Plaintiff is capable of medium work and is able to kneel, squat,

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

4

crouch and crawl frequently (A.R. 266; see also 20 C.F.R. §§ 404.1567(c) and 416.967(c) (defining medium work)).

Dr. Yashruti's findings constitute substantial evidence supporting the ALJ's decision. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consulting examiner's opinion is substantial evidence that can support an ALJ's finding of nondisability); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (examining physician's independent clinical findings are substantial evidence).

The opinions of the non-examining State agency physicians provide additional support for the ALJ's decision. Tonapetyan v. Halter, 242 F.3d at 1149 (non-examining physician's opinion may constitute substantial evidence when opinion is consistent with independent evidence of record);[3] Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995) (same). State agency physicians F. Wilson and D. Gray reviewed the record, including Dr. Yashruti's evaluation, and opined that Plaintiff is capable of performing medium work. See A.R. 269-75.

The vocational expert testified that a person having the limitations identified by the ALJ could perform Plaintiff's past relevant work as a material handler (A.R. 73-75). This testimony furnished substantial evidence that Plaintiff is not disabled. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228

---

[3] The record contains no medical opinions regarding Plaintiff's alleged limitations, other than the opinions of Dr. Yashruti and the state agency physicians.

5

(9th Cir. 2009) (vocational expert opinion evidence is reliable to support a finding that a claimant can work if hypothetical questioning "set[s] out *all* the limitations and restrictions of a particular claimant") (citation omitted); Hubble v. Astrue, 2012 WL 258406, at *2 (9th Cir. Jan. 30, 2012) (finding no error in ALJ's conclusion that claimant was capable of performing her past relevant work as generally performed in the national economy, based on a vocational expert's answer to a hypothetical question presenting claimant's residual functional capacity); see also 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required.").

**II.   The ALJ Did Not Materially Err in Evaluating Plaintiff's Credibility.**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d at 834; see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where

///

6

there is no evidence of malingering).[4] Contrary to Plaintiff's arguments, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

Plaintiff testified that he stopped working due to pain in his back and feet (A.R. 46-47, 56). Plaintiff said that for six or more years he has had progressively worsening swelling, pain and burning in his feet (A.R. 50-51). Plaintiff claimed his pain was constant and he supposedly obtained little relief from medication (A.R. 48-49). Yet, when Plaintiff's doctor had wanted to administer injections for Plaintiff's back pain, Plaintiff declined (A.R. 50).

Plaintiff, who was using a cane his son bought for him, estimated that he can walk 15-20 minutes without a cane, and can stand for 10 minutes and sit for 20 minutes (A.R. 54). Plaintiff said he can lift only five to eight pounds (A.R. 55).

///
///
///
///
///

---

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

1        The ALJ found Plaintiff's testimony less than entirely credible,
citing four reasons:  (1) Plaintiff's conservative treatment,[5]
(2) lack of support in the objective medical record, (3) the extent of
Plaintiff's daily activities, and (4) inconsistencies between
Plaintiff's testimony and other information contained in the record
(A.R. 31-32).  Specifically, the ALJ observed that although Plaintiff
alleged his pain became disabling as of March 2006, the first
treatment record concerning Plaintiff's back or feet bore a date in
August of 2007 (A.R. 31 (citing, inter alia, A.R. 262, 280 (radiology
reports for Plaintiff's lumbar spine)).[6]  The ALJ further observed
that the medical record, which consists of only a few treatment notes,
lab reports, two normal nerve conduction studies, and xrays of
Plaintiff's back, suggests that Plaintiff's condition had been managed
with conservative care.  See A.R. 31 (discussing Plaintiff's limited
treatment); A.R. 249-62, 276-302, 305-12, 317 (medical records).  A
conservative course of treatment may discredit a claimant's
allegations of disabling symptoms.  See Parra v. Astrue, 481 F.3d 742,
750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Meanel v.
Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any
serious medical treatment for [claimant's] supposedly excruciating
pain" was adequate reason to reject claimant's pain testimony);
Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative
treatment can suggest a lower level of both pain and functional

---

[5]    Plaintiff testified that he did not have health insurance coverage, but was receiving treatment through a county program (A.R. 43).

[6]    Podiatry records for Plaintiff's feet did not show any kind of treatment until December 2007 (A.R. 250).

8

limitation, justifying adverse credibility determination); see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (failure to seek medical treatment can justify an adverse credibility determination); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (same).

The ALJ also noted that the objective medical evidence did not support a level of symptomatology that would prevent Plaintiff from working. Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, as the ALJ observed, the xrays of Plaintiff's lumbar spine showed degenerative disc disease at L5-S1, but no evidence that the condition was advanced. See A.R. 31 (ALJ's observation); A.R. 262, 302, 305 (radiology reports). Nerve conduction studies were normal. See A.R. 280-81, 296-97. As discussed above, Plaintiff's orthopedic consultative examination was essentially normal, revealing only tenderness on palpation to the lumbar spine and feet, but no pain on range of motion. See A.R. 263-66.

The ALJ also cited the extent of Plaintiff's daily activities as assertedly inconsistent with disabling pain (A.R. 31 (Plaintiff "spend[s] a substantial part of the day in activities involving the performance of functions readily transferrable to competitive work")). The extent of a claimant's daily activities can constitute "clear and convincing reasons" for discounting the credibility of a claimant's testimony that the claimant cannot work. See Burch v. Barnhart, 400

F.3d at 680-81 (daily activities in caring for own personal needs, cooking, cleaning, and shopping undermined claimant's credibility since those skills could be transferred to the workplace); see also Rollins v. Massanari, 261 F.3d at 857 (claimant's testimony regarding daily domestic activities undermined the credibility of her pain-related testimony). Here, Plaintiff testified that on a typical day he gets up, takes care of his own personal grooming, prepares coffee, helps prepare meals, washes dishes, and drives a half mile to the market three to four times a week where he shops for 15-20 minutes (A.R. 52-53, 55). Plaintiff also said he plays Bingo with his sisters, watches television, and reads (A.R. 53). These daily activities[7] arguably could contribute toward the ALJ's discounting of Plaintiff's testimony concerning allegedly disabling pain. See, e.g., Thune v. Astrue, 2012 WL 5990952, at *1 (9th Cir. Nov. 29, 2012) (ALJ properly discredited pain allegations as contradicting claimant's testimony that she gardened, cleaned, cooked, and ran errands); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (claimant's "normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" was sufficient explanation for rejecting claimant's

///

---

[7] Plaintiff was not always consistent in reporting his daily activities. In an undated exertion questionnaire, Plaintiff reported that he does not do his own grocery shopping and does not clean his home (A.R. 178). Plaintiff explained that the house work he does do is very light and brief (A.R. 179). Similarly, in undated "Disability Report – Appeal" forms, Plaintiff reported that he is unable to care for his lawn, home, go shopping for groceries, or exercise (A.R. 161), and supposedly is unable to "even care for [his] personal hygiene w/out experiencing amount of pain" (A.R. 168).

credibility).[8]

The ALJ also discounted Plaintiff's credibility based on inconsistencies between Plaintiff's testimony and information in the record concerning Plaintiff's English language abilities and job history (A.R. 32). Plaintiff had testified that he could not read, write, speak or understand English despite having been in the United States for 35 years (A.R. 43-44). Yet, medical records show that Plaintiff was given discharge instructions in English (A.R. 250-51, 253-54, 283-84; see also A.R. 291 (stating discharge language was Spanish and English and "Translator not needed"); but see A.R. 287-88 (stating discharge language was Spanish and reflecting the use of a translator)). A disparity between a claimant's representations and the observations of medical examiners may properly impeach a

---

[8] It is difficult to reconcile certain Ninth Circuit opinions discussing when a claimant's daily activities properly may undermine the claimant's credibility. Compare Stubbs-Danielson v. Astrue (cited above) and Burch v. Barnhart (cited above) with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") and Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain). Because of this difficulty, the Court in the present case elects not to rely on the ALJ's finding regarding Plaintiff's daily activities. Assuming arguendo that the ALJ's partial reliance on Plaintiff's daily activities was improper, the Court nevertheless upholds the ALJ's credibility determination. Under Carmickle v. Commissioner, 533 F.3d 1155, 1163 (9th Cir. 2008), the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain. Independently valid supporting reasons remain in the present case.

11

claimant's credibility. See, e.g., Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988).

As to job history, Plaintiff indicated in a disability report form that at one of his jobs he lifted 50 pounds regularly and sometimes lifted up to 100 pounds (A.R. 152). Yet, in a subsequent form, Plaintiff indicated that the same job had required the lifting of only 10 pounds (A.R. 184, 187). During the hearing, the ALJ and Plaintiff's counsel asked questions of Plaintiff to attempt to clarify the job's requirements, as well as the issue of whether Plaintiff was given any kind of accommodation in the job, but the job's lifting requirements were not clarified and Plaintiff's answers suggested that he had been given no accommodation. See A.R. 57-61. This kind of inconsistency also can support the rejection of a claimant's credibility. See Burch v. Barnhart, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony."); see also Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (conflicting information from claimant supported the rejection of the claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies in claimant's various statements cited as a clear and convincing reason for rejecting the claimant's testimony).

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The Court therefore defers to the ALJ's credibility

determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 20, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

13