1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11   WASHINGTON REYES,                )      NO. CV 12-3779-E
                                      )
12                  Plaintiff,        )
                                      )
13        v.                          )      **MEMORANDUM OPINION**
                                      )
14   CAROLYN W. COLVIN, ACTING        )
     COMMISSIONER OF SOCIAL SECURITY,[1] )
15                                    )
                    Defendant.        )
16   _____)

17

18                          **PROCEEDINGS**

19

20       Plaintiff filed a Complaint on May 7, 2012, seeking review of the

21   Commissioner's denial of benefits.  The parties filed a consent to

22   proceed before a United States Magistrate Judge on June 14, 2012.

23   ///

24   ///

25

26   _____

27        [1]    Carolyn W. Colvin, who became Acting Commissioner of
     Social Security as of February 14, 2013, is hereby substituted as
     Defendant in this matter.  See Fed. R. Civ. P. 25(d)(1); 42
28   U.S.C. § 405(g).

Plaintiff filed a motion for summary judgment on December 22, 2012.  Defendant filed a cross-motion for summary judgment on March 4, 2013.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed May 8, 2012.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserted disability since March 1, 2006, based on alleged pain in his back and feet (Administrative Record ("A.R.") 27, 136-43, 150).  An Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 37-82).

The ALJ found Plaintiff has a severe "lower back strain with degenerative changes" and "burning foot syndrome" (A.R. 29 (adopting diagnoses at A.R. 250-51, 262, 305, 307)).  The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform the full range of medium work (A.R. 30, 32 (adopting consultative examiner's opinion at A.R. 266)).  The ALJ determined that, with this capacity, Plaintiff could still perform his past relevant work (A.R. 32-33 (adopting vocational expert testimony at A.R. 73-75)).  The ALJ deemed not credible Plaintiff's testimony regarding the severity of his symptoms, to the extent any such testimony was inconsistent with the residual functional capacity the ALJ found to exist (A.R. 30-32).  Accordingly, the ALJ found Plaintiff not disabled (A.R. 33).  The Appeals Council denied review (A.R. 1-3).

///

///

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in finding Plaintiff's testimony not entirely credible.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007) (same). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

1                         **DISCUSSION**

2

3      After consideration of the record as a whole, Defendant's motion

4   is granted and Plaintiff's motion is denied.   The Administration's

5   findings are supported by substantial evidence and are free from

6   material[2] legal error.   Plaintiff's contrary contention is unavailing.

7

8   **I.   Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

9

10     Substantial evidence supports the ALJ's determination that

11  Plaintiff is not disabled.   Dr. Ibrahim Yashruti, an examining

12  orthopedic surgeon, completed an Orthopedic Consultation of Plaintiff

13  dated July 25, 2008 (A.R. 263-66).   Plaintiff complained of low back

14  and bilateral foot pain (A.R. 263).   Dr. Yashruti observed that an x-

15  ray report of Plaintiff's lumbar spine from August 2007 showed

16  degenerative disease at the L5-S1 level (A.R. 263).   Dr. Yashruti's

17  physical examination found no abnormalities other than tenderness on

18  palpation over the lumbosacral junction and right SI joint, and

19  tenderness on palpation of the feet.   Range of motion for Plaintiff's

20  lumbar spine was "limited" at 40 degrees flexion and 15 degrees

21  extension, but otherwise was full and painless.   Range of motion for

22  Plaintiff's feet was also full and painless.   Plaintiff has flat feet.

23  See A.R. 265-66.   Dr. Yashruti characterized "[t]he rest of the

24  examination" as "completely normal" (A.R. 266).   Dr. Yashruti opined

25  that Plaintiff is capable of medium work and is able to kneel, squat,

26  _____

27         [2]    The harmless error rule applies to the review of
    administrative decisions regarding disability.   See McLeod v.
28  Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart,
    400 F.3d 676, 679 (9th Cir. 2005).

1   crouch and crawl frequently (A.R. 266; see also 20 C.F.R. §§

2   404.1567(c) and 416.967(c) (defining medium work)).

3

4       Dr. Yashruti's findings constitute substantial evidence

5   supporting the ALJ's decision.  See Tonapetyan v. Halter, 242 F.3d

6   1144, 1149 (9th Cir. 2001) (consulting examiner's opinion is

7   substantial evidence that can support an ALJ's finding of

8   nondisability); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.

9   2007) (examining physician's independent clinical findings are

10  substantial evidence).

11

12      The opinions of the non-examining State agency physicians provide

13  additional support for the ALJ's decision.  Tonapetyan v. Halter, 242

14  F.3d at 1149 (non-examining physician's opinion may constitute

15  substantial evidence when opinion is consistent with independent

16  evidence of record);[3] Lester v. Chater, 81 F.3d 821, 831 (9th Cir.

17  1995) (same).  State agency physicians F. Wilson and D. Gray reviewed

18  the record, including Dr. Yashruti's evaluation, and opined that

19  Plaintiff is capable of performing medium work.  See A.R. 269-75.

20

21      The vocational expert testified that a person having the

22  limitations identified by the ALJ could perform Plaintiff's past

23  relevant work as a material handler (A.R. 73-75).  This testimony

24  furnished substantial evidence that Plaintiff is not disabled.  See

25  Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228

26  _____

27      [3]   The record contains no medical opinions regarding
Plaintiff's alleged limitations, other than the opinions of Dr.
28  Yashruti and the state agency physicians.

(9th Cir. 2009) (vocational expert opinion evidence is reliable to

support a finding that a claimant can work if hypothetical questioning

"set[s] out *all* the limitations and restrictions of a particular

claimant") (citation omitted); <u>Hubble v. Astrue</u>, 2012 WL 258406, at *2

(9th Cir. Jan. 30, 2012) (finding no error in ALJ's conclusion that

claimant was capable of performing her past relevant work as generally

performed in the national economy, based on a vocational expert's

answer to a hypothetical question presenting claimant's residual

functional capacity); <u>see also</u> 20 C.F.R. §§ 404.1560(b)(2),

416.960(b)(2); <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir.

2005) ("A [vocational expert's] recognized expertise provides the

necessary foundation for his or her testimony.  Thus, no additional

foundation is required.").


**II.   <u>The ALJ Did Not Materially Err in Evaluating Plaintiff's
        Credibility.</u>**


An ALJ's assessment of a claimant's credibility is entitled to

"great weight." <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1124 (9th Cir.

1990); <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985).  The

discounting of a claimant's testimony regarding subjective symptoms

must be supported by specific, cogent findings.  <u>See</u> <u>Lester v. Chater</u>,

81 F.3d at 834; <u>see also</u> <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th

Cir. 2010) (reaffirming same); <u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273,

1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific,

clear and convincing" reasons to reject a claimant's testimony where

///

1   there is no evidence of malingering).[4]  Contrary to Plaintiff's

2   arguments, the ALJ stated sufficient reasons for deeming Plaintiff's

3   testimony less than fully credible.

4

5        Plaintiff testified that he stopped working due to pain in his

6   back and feet (A.R. 46-47, 56).  Plaintiff said that for six or more

7   years he has had progressively worsening swelling, pain and burning in

8   his feet (A.R. 50-51).  Plaintiff claimed his pain was constant and he

9   supposedly obtained little relief from medication (A.R. 48-49).  Yet,

10  when Plaintiff's doctor had wanted to administer injections for

11  Plaintiff's back pain, Plaintiff declined (A.R. 50).

12

13       Plaintiff, who was using a cane his son bought for him,

14  estimated that he can walk 15-20 minutes without a cane, and can stand

15  for 10 minutes and sit for 20 minutes (A.R. 54).  Plaintiff said he

16  can lift only five to eight pounds (A.R. 55).

17  ///

18  ///

19  ///

20  ///

21  ///

22

---

23       [4]    In the absence of an ALJ's reliance on evidence of
24  "malingering," most recent Ninth Circuit cases have applied the
    "clear and convincing" standard.  See, e.g., Chaudhry v. Astrue,
25  688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue,
    674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659
26  F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000
    WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting
27  earlier cases).  In the present case, the ALJ's findings are
    sufficient under either standard, so the distinction between the
28  two standards (if any) is academic.

1    The ALJ found Plaintiff's testimony less than entirely credible,
2    citing four reasons:  (1) Plaintiff's conservative treatment,[5]
3    (2) lack of support in the objective medical record, (3) the extent of
4    Plaintiff's daily activities, and (4) inconsistencies between
5    Plaintiff's testimony and other information contained in the record
6    (A.R. 31-32).  Specifically, the ALJ observed that although Plaintiff
7    alleged his pain became disabling as of March 2006, the first
8    treatment record concerning Plaintiff's back or feet bore a date in
9    August of 2007 (A.R. 31 (citing, inter alia, A.R. 262, 280 (radiology
10   reports for Plaintiff's lumbar spine)).[6]  The ALJ further observed
11   that the medical record, which consists of only a few treatment notes,
12   lab reports, two normal nerve conduction studies, and xrays of
13   Plaintiff's back, suggests that Plaintiff's condition had been managed
14   with conservative care.  See A.R. 31 (discussing Plaintiff's limited
15   treatment); A.R. 249-62, 276-302, 305-12, 317 (medical records).  A
16   conservative course of treatment may discredit a claimant's
17   allegations of disabling symptoms.  See Parra v. Astrue, 481 F.3d 742,
18   750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Meanel v.
19   Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any
20   serious medical treatment for [claimant's] supposedly excruciating
21   pain" was adequate reason to reject claimant's pain testimony);
22   Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative
23   treatment can suggest a lower level of both pain and functional

24
25 _____

26        [5]   Plaintiff testified that he did not have health
     insurance coverage, but was receiving treatment through a county
27   program (A.R. 43).

28        [6]   Podiatry records for Plaintiff's feet did not show any
     kind of treatment until December 2007 (A.R. 250).

limitation, justifying adverse credibility determination); see also
Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (failure to
seek medical treatment can justify an adverse credibility
determination); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989)
(same).

The ALJ also noted that the objective medical evidence did not
support a level of symptomatology that would prevent Plaintiff from
working.  Although a claimant's credibility "cannot be rejected on the
sole ground that it is not fully corroborated by objective medical
evidence, the medical evidence is still a relevant factor. . . ."
Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, as the
ALJ observed, the xrays of Plaintiff's lumbar spine showed
degenerative disc disease at L5-S1, but no evidence that the condition
was advanced.  See A.R. 31 (ALJ's observation); A.R. 262, 302, 305
(radiology reports).  Nerve conduction studies were normal.  See A.R.
280-81, 296-97.  As discussed above, Plaintiff's orthopedic
consultative examination was essentially normal, revealing only
tenderness on palpation to the lumbar spine and feet, but no pain on
range of motion.  See A.R. 263-66.

The ALJ also cited the extent of Plaintiff's daily activities as
assertedly inconsistent with disabling pain (A.R. 31 (Plaintiff
"spend[s] a substantial part of the day in activities involving the
performance of functions readily transferrable to competitive work")).
The extent of a claimant's daily activities can constitute "clear and
convincing reasons" for discounting the credibility of a claimant's
testimony that the claimant cannot work.  See Burch v. Barnhart, 400

F.3d at 680-81 (daily activities in caring for own personal needs,
cooking, cleaning, and shopping undermined claimant's credibility
since those skills could be transferred to the workplace); see also
Rollins v. Massanari, 261 F.3d at 857 (claimant's testimony regarding
daily domestic activities undermined the credibility of her pain-
related testimony).  Here, Plaintiff testified that on a typical day
he gets up, takes care of his own personal grooming, prepares coffee,
helps prepare meals, washes dishes, and drives a half mile to the
market three to four times a week where he shops for 15-20 minutes
(A.R. 52-53, 55).  Plaintiff also said he plays Bingo with his
sisters, watches television, and reads (A.R. 53).  These daily
activities[7] arguably could contribute toward the ALJ's discounting of
Plaintiff's testimony concerning allegedly disabling pain.  See, e.g.,
Thune v. Astrue, 2012 WL 5990952, at *1 (9th Cir. Nov. 29, 2012) (ALJ
properly discredited pain allegations as contradicting claimant's
testimony that she gardened, cleaned, cooked, and ran errands);
Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008)
(claimant's "normal activities of daily living, including cooking,
house cleaning, doing laundry, and helping her husband in managing
finances" was sufficient explanation for rejecting claimant's
///

---

[7]    Plaintiff was not always consistent in reporting his
daily activities.  In an undated exertion questionnaire,
Plaintiff reported that he does not do his own grocery shopping
and does not clean his home (A.R. 178).  Plaintiff explained that
the house work he does do is very light and brief (A.R. 179).
Similarly, in undated "Disability Report – Appeal" forms,
Plaintiff reported that he is unable to care for his lawn, home,
go shopping for groceries, or exercise (A.R. 161), and supposedly
is unable to "even care for [his] personal hygiene w/out
experiencing amount of pain" (A.R. 168).

1  credibility).[8]

2

3      The ALJ also discounted Plaintiff's credibility based on

4  inconsistencies between Plaintiff's testimony and information in the

5  record concerning Plaintiff's English language abilities and job

6  history (A.R. 32).  Plaintiff had testified that he could not read,

7  write, speak or understand English despite having been in the United

8  States for 35 years (A.R. 43-44).  Yet, medical records show that

9  Plaintiff was given discharge instructions in English (A.R. 250-51,

10 253-54, 283-84; see also A.R. 291 (stating discharge language was

11 Spanish and English and "Translator not needed"); but see A.R. 287-88

12 (stating discharge language was Spanish and reflecting the use of a

13 translator)).  A disparity between a claimant's representations and

14 the observations of medical examiners may properly impeach a

15 _____

16      [8]  It is difficult to reconcile certain Ninth Circuit
   opinions discussing when a claimant's daily activities properly
17 may undermine the claimant's credibility.  Compare Stubbs-
   Danielson v. Astrue (cited above) and Burch v. Barnhart (cited
18 above) with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir.
   2001) ("the mere fact that a plaintiff has carried on certain
19 daily activities, such as grocery shopping, driving a car, or
   limited walking for exercise, does not in any way detract from
20 her credibility as to her overall disability.") and Gallant v.
   Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) (fact that
21 claimant could cook for himself and family members as well as
   wash dishes did not preclude a finding that claimant was disabled
22 due to constant back and leg pain).  Because of this difficulty,
   the Court in the present case elects not to rely on the ALJ's
23 finding regarding Plaintiff's daily activities.  Assuming
   arguendo that the ALJ's partial reliance on Plaintiff's daily
24 activities was improper, the Court nevertheless upholds the ALJ's
   credibility determination.  Under Carmickle v. Commissioner, 533
25 F.3d 1155, 1163 (9th Cir. 2008), the infirmity of one or two
   supporting reasons for an ALJ's credibility determination does
26 not require overturning the determination if independently valid
   supporting reasons remain.  Independently valid supporting
27 reasons remain in the present case.

28

                                    11

1   claimant's credibility. <u>See, e.g.</u>, <u>Copeland v. Bowen</u>, 861 F.2d 536,

2   541 (9th Cir. 1988).

3

4       As to job history, Plaintiff indicated in a disability report

5   form that at one of his jobs he lifted 50 pounds regularly and

6   sometimes lifted up to 100 pounds (A.R. 152). Yet, in a subsequent

7   form, Plaintiff indicated that the same job had required the lifting

8   of only 10 pounds (A.R. 184, 187). During the hearing, the ALJ and

9   Plaintiff's counsel asked questions of Plaintiff to attempt to clarify

10   the job's requirements, as well as the issue of whether Plaintiff was

11   given any kind of accommodation in the job, but the job's lifting

12   requirements were not clarified and Plaintiff's answers suggested that

13   he had been given no accommodation. <u>See</u> A.R. 57-61. This kind of

14   inconsistency also can support the rejection of a claimant's

15   credibility. <u>See</u> <u>Burch v. Barnhart</u>, 400 F.3d at 680 ("In determining

16   credibility, an ALJ may engage in ordinary techniques of credibility

17   evaluation, such as considering claimant's reputation for truthfulness

18   and inconsistencies in claimant's testimony."); <u>see also</u> <u>Thomas v.</u>

19   <u>Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002) (conflicting

20   information from claimant supported the rejection of the claimant's

21   credibility); <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999)

22   (inconsistencies in claimant's various statements cited as a clear and

23   convincing reason for rejecting the claimant's testimony).

24

25       Thus, the ALJ stated sufficient reasons to allow this Court to

26   conclude that the ALJ discounted Plaintiff's credibility on

27   permissible grounds. <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th

28   Cir. 2004). The Court therefore defers to the ALJ's credibility

determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th

Cir. 2007) (court will defer to ALJ's credibility determination when

the proper process is used and proper reasons for the decision are

provided); accord Flaten v. Secretary of Health & Human Services, 44

F.3d 1453, 1464 (9th Cir. 1995).


**CONCLUSION**


For all of the foregoing reasons, Plaintiff's motion for summary

judgment is denied and Defendant's motion for summary judgment is

granted.


LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: March 20, 2013.


_____/S/_____
                      CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE